Ashley A. Marton, OSB No. 171584
ashley@workplacelawpdx.com
Rebecca Cambreleng, OSB No. 133209
rebecca@workplacelawpdx.com
**CAMBRELENG MARTON LLC**
3518 S Corbett Avenue
Portland, Oregon 97239
Telephone: (503) 477-4899

Sean Short, Arkansas Bar No. 2015079
sean@sanfordlawfirm.com
**SANFORD LAW FIRM, PLLC**
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 615-4946
Facsimile: (888) 787-2040
*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| **SETH TERRY, individually and on behalf of similarly situated persons,**<br><br>Plaintiff,<br><br>v.<br><br>**JERRY DON HODGES, an individual,**<br><br>Defendant. | Case No. 6:22-cv-01668-AA<br><br>**PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION, FOR APPROVAL AND DISTRIBUTION OF NOTICE AND FOR DISCLOSURE OF CONTACT INFORMATION**<br><br>**Fair Labor Standards Act (29 U.S.C. § 201 *et seq*.) and Oregon State Wage and Hour Laws (ORS 652.140, *et seq*.)** |

Plaintiff Seth Terry ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys of Sanford Law Firm, PLLC, and for his Motion for

**Page 1 of 5**
**Seth Terry, et al. v. Jerry Don Hodges**
**U.S.D.C. (Dist. Or.) Case No. 6:22-cv-01668-AA**
**Motion for Conditional Certification of Collective Action**

Conditional Certification, for Approval and Distribution of Notice and for Disclosure of Contact Information, states and alleges as follows:

1. Plaintiff worked as an hourly-paid Delivery Driver for Defendant Jerry Don Hodges d/b/a B.J. & H. Enterprises or Dominos. ("Defendant").

2. Plaintiff brought this suit individually and on behalf of all other Delivery Drivers who worked for Defendant and who are similarly situated to Plaintiff, to recover unpaid wages, liquidated damages, prejudgment interest, and reasonable attorney's fees pursuant to Section 216(b) of the Fair Labor Standards Act ("FLSA") as a result of Defendant's policies and practice of failing to pay proper wages under the FLSA.

3. Plaintiff asks this Court to conditionally certify the following collective:

**All Delivery Drivers since October 31, 2019.**

4. Section 216(b) of the FLSA provides that "[a]n action . . . may be maintained against any employer . . . by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b).

5. Plaintiff hereby moves to conditionally certify this lawsuit as a collective action for the purpose of providing notice of the action to members of the collective.

6. Plaintiff and the members of the collective are sufficiently similarly situated that conditional certification of the proposed collective is appropriate, as explained in the Brief filed herewith.

7. Plaintiff requests that this Court permit him to provide the Notice attached hereto to potential opt-in Plaintiffs via email as well as traditional U.S. Mail, and that this Court permit Plaintiff to distribute a reminder postcard via traditional U.S. Mail or as a follow-up email.

Page 2 of 5
Seth Terry, et al. v. Jerry Don Hodges
U.S.D.C. (Dist. Or.) Case No. 6:22-cv-01668-AA
Motion for Conditional Certification of Collective Action

8. Attached as Exhibits 1 and 2, respectively, are the Notice and Consent to Join proposed by Plaintiff for distribution in this case. Attached as Exhibit 3 is the email text proposed by Plaintiff for electronic distribution of the Notice. The Notices and Consent make no comment on the merits of the case. The Notices are narrowly drawn to notify potential class members of the pending litigation, the composition of the class and their right to "opt in" to the litigation.

9. Plaintiff requests a period of ninety (90) days to distribute the Notice and file Consent to Join forms with this Court and requests this Court to enter an Order directing Defendant to provide the names and last known mailing addresses, phone numbers and email addresses of potential opt-in Plaintiffs no later than seven (7) days after the date of the entry of the Order granting this Motion.

10. To guarantee notice to Defendant's current employees, Plaintiff asks that Defendants be required to post the Notice in a conspicuous location in the same areas in which it posts government-required notices.

11. Plaintiff incorporates his Brief in Support of the current Motion, filed concurrently with this Motion.

12. In support of this Motion, Plaintiff incorporates the following exhibits:

Ex. 1: Proposed Notice of Right to Join Lawsuit;
Ex. 2: Proposed Consent to Join Collective Action;
Ex. 3: Proposed Text of Electronic Transmissions;
Ex. 4: Proposed Reminder Postcard;
Ex. 5: Declaration of Attorney Josh Sanford; and
Ex. 6: Declaration of Seth Terry.

WHEREFORE, premises considered, Plaintiff prays that the Court:

A. Conditionally certify the collective proposed by Plaintiff;

**Page 3 of 5**
**Seth Terry, et al. v. Jerry Don Hodges**
**U.S.D.C. (Dist. Or.) Case No. 6:22-cv-01668-AA**
**Motion for Conditional Certification of Collective Action**

B. Approve of the use of U.S. Mail and email to distribute Plaintiff's proposed Notice and Consent to Join;

C. Approve the form and content of Exhibits 1–4 for use in providing notice to the potential collective members via the methods described in this Motion;

D. Order Defendant to produce the names and last known mailing addresses, phone numbers and email addresses of each potential opt-in Plaintiff in an electronically importable and malleable format, such as Excel, within seven (7) days after this Court's Order is entered;

E. Allow for an opt-in period of ninety (90) days, to begin seven (7) days after the day that Defendant produces the names and contact information for the putative collective members, in which putative collective members may submit a Consent to Join this lawsuit as an opt-in plaintiff;

F. Grant Plaintiff leave to send a follow-up reminder Postcard via U.S. Mail or email, beginning thirty (30) days after the opt-in period begins, to potential plaintiffs who have not responded to the Notice; and

G. Award costs and a reasonable attorneys' fee and grant all other relief to which Plaintiff may be entitled, whether specifically prayed for or not.

**Page 4 of 5**
**Seth Terry, et al. v. Jerry Don Hodges**
**U.S.D.C. (Dist. Or.) Case No. 6:22-cv-01668-AA**
**Motion for Conditional Certification of Collective Action**

Respectfully submitted,

**SETH TERRY, Individually
and on Behalf of All Others
Similarly Situated, PLAINTIFF**

**SANFORD LAW FIRM, PLLC**
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 615-4946
Facsimile: (888) 787-2040

*/s/ Sean Short*
Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

*LEAD COUNSEL FOR PLAINTIFF*


**CAMBRELENG MARTON LLC**
3518 S Corbett Avenue
Portland, Oregon 97239
Telephone: (503) 477-4899

Ashley A. Marton
OSB No. 171584
ashley@workplacelawpdx.com
Rebecca Cambreleng
OSB No. 133209
rebecca@workplacelawpdx.com

*LOCAL COUNSEL FOR PLAINTIFFS*

Page 5 of 5
**Seth Terry, et al. v. Jerry Don Hodges**
**U.S.D.C. (Dist. Or.) Case No. 6:22-cv-01668-AA**
**Motion for Conditional Certification of Collective Action**