## COLLECTIVE ACTION SETTLEMENT AGREEMENT AND RELEASE

This Collective Action Settlement Agreement and Release ("**Agreement**") is made and entered into by and between **(1)** Seth Terry ("**Named Plaintiff**"), on behalf of himself and a putative collective of others similarly situated, and **(2)** Jerry Don Hodges, an individual ("**Defendant**") and his past and present affiliates, predecessors, successors, and assigns, and all past and present agents, staff, attorneys, and employees, including but not limited to his former company, B.J. & H. Enterprises, Inc., as well as any individual that could be included within the definition of "employer" under either the Fair Labor Standards Act (FLSA) or the Oregon Wage and Hour Laws (ORS Chapter 652) (all in item (2) collectively referred to as the "**Released Parties**" or individually referred to as a "**Released Party**") (all collectively referred to as the "**Parties**" or individually referred to as a "**Party**").

*Whereas*, Named Plaintiff filed a civil action against Defendant, in his individual capacity and on behalf of all other allegedly similarly-situated persons, in the United States District Court for the District of Oregon, Eugene Division (the "**Court**"), styled *Seth Terry v. Jerry Don Hodges*, Case No. 6:22-cv-1668-AA (the "**Action**"), asserting claims under the FLSA and the Oregon Wage and Hour Laws (ORS Chapter 652);

*Whereas*, the Court conditionally certified a collective action and authorized Named Plaintiff to sue as representative of the Settlement Collective;

*Whereas*, in order to avoid the expense and burden of further litigation, the Parties have negotiated a settlement of the claims asserted on behalf of Named Plaintiff and the Settlement Collective in the Action;

*Whereas*, Defendant denies that he has committed any wrongdoing or violated any state or federal law pertaining to payment of wages or hours of work and has answered and intended to vigorously defend all claims asserted in the Action; and

*Whereas*, it is the desire of the Parties to fully, finally, and forever memorialize, settle, compromise and discharge all disputes and claims that have been brought in this Action or that reasonably arise out of the facts alleged in the Action.

*Therefore*, in consideration of the mutual covenants and promises set forth below, the Parties enter into this Agreement, subject to the Court's approval, as follows:

## 1. **Definitions.**

(a) This Agreement is subject to the approval of the Court. If the Court grants an order fully, finally, and unconditionally granting the motion for approval of

Doc ID: fc252e838802a23258c571655818d36ee9069871

this Agreement ("**Approval Order**"), then the "**Effective Date**" of the Agreement shall be the date of issuance of such order.

(b) The "**Settlement Collective**" consists of Named Plaintiff and 27 Opt-In Plaintiffs who were employed by Defendant as hourly-paid Delivery Drivers during the time period of October 31, 2019 to present, and who filed timely consent forms and have claims for alleged estimated wages due for Delivery Driver hours worked within the applicable statute of limitations period. The individuals within the Settlement Collective are identified in Appendix A to this Agreement ("**Settlement Collective Members**").

(c) "**Class Counsel**" refers to Sanford Law Firm, PLLC.

2.    **No Admission of Liability**.

(a) Nothing contained in this Agreement is to be construed as an admission of any liability, culpability, negligence, or wrongdoing on the part of Defendant or any Released Party. Each of the Parties to the Agreement has entered into this Agreement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses.

(b) Class Counsel has conducted a thorough investigation into the facts and circumstances of the Action, and has diligently pursued prosecution of the Settlement Collective Members' claims against Defendant. Based on Class Counsel's own independent investigation and evaluation, Class Counsel is of the opinion that the settlement with Defendant for the consideration and on the terms set forth in this Agreement is fair, reasonable, adequate, and in the best interest of the Settlement Collective in light of all known facts and circumstances, including the risk of significant delay, the risk of loss or limited recovery, and the defenses asserted by Defendant both on the merits and with respect to collective action certification. Defendant and Defendant's Counsel also agree the settlement as stated in this Agreement is reasonable and fair.

3.    **Settlement Payments**.

Subject to Court approval of the Agreement, and in consideration for settlement and the release of claims referenced herein on the terms and conditions set forth in this Agreement, Defendant agrees to pay the settlement as follows:

(a) $1,000.00 will be paid to Named Plaintiff as a service award for the time and effort Named Plaintiff spent in pursuing the Action and securing the settlement ("**Service Award**"). Named Plaintiff will provide Defendant's Counsel with an IRS Form W9 within 7 days of the Effective Date of the Agreement. Defendant will report the payment to Named Plaintiff using an IRS Form 1099.

2

(b) To each and every Settlement Collective Member, Defendant will pay the **Settlement Amount** listed alongside the Member's name in Appendix A to this Agreement. The total Settlement Amount payments to be paid by Defendant to the Settlement Collective Members, exclusive of the Service Award, is $41,984.47. Payments to Settlement Collective Members will be delivered by Defendant to Class Counsel and issued as wage income subject to standard withholdings, in accordance with Defendant's usual and customary business payroll processing procedures and tax reporting for employer wage payments by IRS Form W-2. Class Counsel will provide Counsel for Defendant, Sean Ray, with completed IRS Form W-4s for each Settlement Collective Member within 7 days of the Effective Date of the Agreement. To the extent any Settlement Collective Member fails to provide a completed W-4 within that period, Defendant shall withhold federal and state income taxes as if the respective Settlement Collective Member is single or married filing separately with no other claimed exemptions to process payment. This amount represents Settlement Collective Members' claims for lost wages, and Defendant shall report this payment to the IRS on a Form W-2.

(c) To Class Counsel, Defendant will pay the sum of $32,015.53 in attorneys' fees and costs. The payment of attorneys' fees and costs is in full and complete satisfaction of all claims for attorneys' fees and costs of any kind by Named Plaintiff, other Settlement Collective Members, and Class Counsel for the claims released herein. Defendant will deliver the payment of attorneys' fees and costs, made payable to SANFORD LAW FIRM, PLLC, within 21 days of the Effective Date of the Agreement. Class Counsel will provide Defendant's Counsel with an IRS Form W9 within 7 days of the Effective Date of the Agreement. Defendant will report the payment to Class Counsel using an IRS Form 1099.

4.   **Court Approval and Mutual Full Cooperation.**

(a) The Parties shall use their best efforts, including all efforts contemplated by this Agreement and any other efforts that may become necessary by order of the Court, or otherwise, to secure the Court's approval of this Agreement and to obtain a Final Order or Judgment in the Action upon completion of the terms and conditions of the Agreement as approved by the Court.

(b) The Parties agree to cooperate and take all steps necessary and appropriate to move for an Approval Order and otherwise effectuate all aspects of this Agreement. The Parties agree that they will jointly move for an Approval Order incorporating the terms of this Agreement as the Parties' stipulated Judgment, and retaining jurisdiction over its enforcement.

(c) The Parties and their counsel agree that, within 21 days of the Parties' execution of this Agreement, the Parties will file with the Court a Joint Motion

Doc ID: fc252e838802a23258c571655818d36ee9069871

for Approval of FLSA Collective Action Settlement and to Dismiss with Prejudice ("**Joint Motion**") with attached executed Agreement, unless the Court orders compliance with an earlier date.

(d) The Parties agree that, if the Court does not grant approval of the settlement for any reason, the Parties must attempt, within 14 days of the Court's communication of rejection, to revise the terms of the settlement in a way that is mutually agreeable to the Parties and will be accepted by the Court, and all litigation in the Action shall remain stayed.

5.    **Settlement Administration.**

(a) Within 21 days of the Effective Date, Defendant will deliver to Class Counsel at 10800 Financial Centre Pkwy, Suite 510, Little Rock, Arkansas 72211, the settlement checks made payable to the Settlement Collective Members in the amounts shown on Appendix A. The settlement checks should not be individually sealed.

(b) Settlement Collective Members shall have 120 calendar days from the date of issuance to negotiate their settlement checks. If a Settlement Collective Member's check is returned as undeliverable, lost, destroyed or otherwise unusable, the Settlement Collective Member may notify Defendant, through Class Counsel, within the 120-day period. Defendant will, upon verification that the original check has not been negotiated, request a stop-payment on the original check and issue a replacement settlement check within 14 days. The Settlement Collective Member shall have 60 days from the date of issuance to negotiate the replacement check.

(c) If any Settlement Collective Members do not negotiate their settlement checks within 120 calendar days of issuance (or within 60 days of issuance of a replacement check), and their checks are not returned, their checks will be void and stop-payments will be placed. If any replacement checks are again returned as undeliverable, lost, destroyed or otherwise unusable, the checks will be void and stop-payments will be placed. In such event, those Settlement Collective Members will be deemed to have waived irrevocably any right in or claim to a settlement share, but this Agreement nevertheless will be binding upon them.

6.    **Potential Voiding of the Agreement.**

(a) A failure of the Court to approve any material condition of this Agreement which effects a fundamental change of the Parties' Agreement shall render the entire Agreement voidable and unenforceable as to all Parties herein at the option of the Party adversely affected thereby after conferring in accordance with Paragraph 4(d).

Doc ID: fc252e838802a23258c571655818d36ee9069871

(b) If this Agreement is voided under Paragraph 6(a), this Agreement shall have no force or effect; all negotiations, statements and proceedings related thereto shall be without prejudice to the rights of any Party, all of whom shall be restored to their respective positions in the Action prior to the settlement; and neither this Agreement nor any ancillary documents, actions or filings the Parties agreed to shall be admissible or offered into evidence in the Action or any other action for any purpose

**7**.    **Release of Claims.**

Upon the date Named Plaintiff executes this Agreement in his individual capacity and on behalf of the Settlement Collective (and except as to such rights or claims as may be created by this Agreement), each Settlement Collective Member fully releases and discharges Defendant and the Released Parties from any and all claims, debts, penalties, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, action or causes of action of whatever kind or nature, whether known or unknown, that were alleged or that reasonably arise out of the acts alleged in the Action, which includes all minimum wage, overtime, and pay-related claims under the FLSA and the Oregon Wage and Hour Laws (ORS Chapter 652), and including associated liquidated damages, interest, and penalty claims under state or federal law between October 31, 2019 and the date of execution of the Agreement. Settlement Collective Members do not release any claim wholly unrelated to the wage and hour subject matter, specifically including those covered by workers' compensation, unemployment compensation, or discrimination law, or any other claims that cannot be released by law.

**8.    Parties' Authority.**

The signatories hereby represent that they are fully authorized to enter into this Agreement and bind the Parties to the terms and conditions of the Agreement.

**9.    Enforcement Actions.**

This Agreement is fully enforceable in the U.S. District Court for the District of Oregon before the Honorable Ann L. Aiken (or such judge as may be designated in her stead by the procedures of the Court), who shall retain jurisdiction to enforce this Agreement.

**10.    Notices.**

Unless otherwise specifically provided herein, all notices, demands, or other communications given hereunder by the Parties to this Agreement shall be in writing and shall be addressed as follows:

Doc ID: fc252e838802a23258c571655818d36ee9069871

To Named Plaintiff:

Sean Short
Sanford Law Firm, PLLC
10800 Financial Centre Parkway, Ste 510
Little Rock, Arkansas 72211
*sean@sanfordlawfirm.com*

To Defendant:

Sean P. Ray, Esq.
Barran Liebman LLP
601 SW Second Avenue, Suite 2300
Portland, Oregon 97204
*sray@barran.com*

## 11.   Construction.

The Parties hereto agree that the terms and conditions of this Agreement are the result of lengthy, intensive, arm's length negotiations between the Parties and that the Agreement shall not be construed in favor of or against any Party by reason of the extent to which any Party or his or their Counsel participated in the drafting of this Agreement. This Agreement shall be construed in accordance with the substantive laws of Oregon without regard to conflicts of law principles.

## 12.   Captions and Interpretations.

Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend or describe the scope of this Agreement or any provision hereof. Each term of this Agreement is contractual and not merely a recital.

## 13.   Modification.

This Agreement may not be changed, altered, or modified except in writing and signed by the Parties hereto, and approved by the Court. This Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties hereto.

## 14.   Integration Clause.

This Agreement constitutes the entire agreement between the Parties relating to the settlement and transaction contemplated hereby, and all prior or contemporaneous agreements, understandings, representations and statements, whether oral or written and whether by a Party or such Party's Counsel, agreed to by the Parties in this matter, are merged herein. No rights hereunder may be waived except in writing.

## 15.   No Prior Assignments.

This Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, trustees, executors, administrators and successors. The Parties hereto represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer or

6

Doc ID: fc252e838802a23258c571655818d36ee9069871

encumber to any person or entity any portion of any liability, claim, demand, action, cause of action, or rights herein released and discharged except as set forth herein.

## 16.    <u>Counterparts</u>.

This Agreement may be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties. Signatures sent by facsimile machine or scanned signatures in Portable Document Format sent by email shall be deemed original signatures.

[*Remainder of page left blank intentionally; signature page to follow*]

Doc ID: fc252e838802a23258c571655818d36ee9069871

8

_____          _____
SETH TERRY, Individually and on            JERRY DON HODGES
Behalf of the Settlement Collective

Date: 06 / 05 / 2026                        Date: _____

8

Doc ID: fc252e838802a23258c571655818d36ee9069871



SETH TERRY, Individually and on
Behalf of the Settlement Collective

Date: 06 / 05 / 2026

JERRY DON HODGES

Date: 7/8/26

# APPENDIX A

## SETTLEMENT COLLECTIVE MEMBERS

| Last Name | First Name | Settlement Amount |
|---|---|---|
| Ashcraft | Jesse | $5,084.12 |
| Bailor | Caleb J | $3,711.15 |
| Brainard | Dylan | $175.76 |
| Fox | Amber N | $111.89 |
| Grauf | Michael | $4,652.27 |
| Hannenberg | Kaitlyn | $1,195.91 |
| Hansen | Sausha | $2,738.42 |
| Hobbs | Jonathan L | $1,639.45 |
| Hodges | Joshua K | $50.00 |
| Johnson | Eric | $1,934.00 |
| Johnson | Evan | $4,456.03 |
| Juelke | Joshua | $1,694.10 |
| Long | Jacob D | $625.06 |
| Lucas | Aiden | $885.38 |
| Luiz | Dennis | $887.61 |
| Moore | Dakota | $131.77 |
| Osborn | Katie | $681.82 |
| Pike | James | $2,009.45 |
| Pittenger | Mason | $215.77 |
| Simpson | Darren G | $4,263.19 |
| Steffensmier | Jason A | $745.93 |
| Stevenson | Jessica L | $220.30 |
| Stanger | Jacob | $117.42 |
| Terry | Seth M | $2,321.95* |
| Truax | Amber | $378.52 |
| Van Tassel | Gerald F | $216.37 |
| Wilmarth | Skylure | $253.23 |
| Young | Ryan | $587.61 |

*Named Plaintiff also receives a $1,000.00 Service Award pursuant to Section 3(a), for a total recovery of $3,321.95.

9

Doc ID: fc252e838802a23258c571655818d36ee9069871