Rebecca Cambreleng, OSB No. 133209
rebecca@workplacelawpdx.com
**CAMBRELENG MARTON LLC**
3518 S Corbett Avenue
Portland, Oregon 97239
Telephone: (503) 477-4899

Sean Short, Arkansas Bar No. 2015079
sean@sanfordlawfirm.com
**SANFORD LAW FIRM, PLLC**
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 615-4946
Facsimile: (888) 787-2040
*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **SETH TERRY, individually and on behalf of similarly situated persons,**<br><br>Plaintiff,<br><br>v.<br><br>**JERRY DON HODGES, an individual,**<br><br>Defendant. | **Case No. 6:22-cv-1668-AA**<br><br>**MEMORANDUM IN SUPPORT OF JOINT MOTION FOR APPROVAL OF COLLECTIVE ACTION SETTLEMENT AND TO DISMISS WITH PREJUDICE** |

## I. Introduction and Overview of Agreement Terms

Named Plaintiff Seth Terry ("Named Plaintiff") and Defendant Jerry Don Hodges ("Defendant"), by and through their undersigned counsel, jointly seek entry of an order approving the Parties' executed Collective Action Settlement Agreement and Release (the "Agreement"),

Page 1 of 12
Seth Terry, et al. v. Jerry Don Hodges
U.S.D.C. (Dist. Or.) Case No. 6:22-cv-1668-AA
Memorandum in Support of Joint Motion for Approval of Collective Action Settlement
and to Dismiss with Prejudice

which resolves claims arising out of the alleged failure to pay proper minimum wages to Settlement Collective Members for hours worked while employed by Defendant as hourly-paid Delivery Drivers during the time period of October 31, 2019 to present, and dismissal of this lawsuit with prejudice. *See* Exhibit 1 to the Joint Motion. The Agreement was reached in compromise of a bona fide dispute between the Parties and was negotiated at arm's length in good faith.

Under the terms of the Agreement, Defendant has agreed to pay a total settlement of $75,000.00. Named Plaintiff Seth Terry will receive a service award of $1,000.00 for the time and effort he expended in pursuing this Action and securing the settlement on behalf of the collective. Class Counsel will receive $32,015.53 in attorneys' fees and costs. The remaining $41,984.47 will be distributed among the 28 Settlement Collective Members as individual settlement payments for their alleged unpaid wages. The individual settlement amounts are set forth in Appendix A to the Agreement. Even after attorneys' fees and costs are accounted for pursuant to Class Counsel's contingency agreement, the $41,984.47 distributed to the Settlement Collective Members represents approximately 88% of the maximum potential recovery under Plaintiffs' damages model, including liquidated damages.

## II. Factual Background

Named Plaintiff filed his Complaint on October 31, 2022, asserting individual and collective action claims against Defendant for violations of the FLSA, 29 U.S.C. § 201, *et seq.*, and the Oregon Wage and Hour Laws, ORS Chapter 652. Defendant Jerry Don Hodges owned and operated multiple Domino's Pizza franchise locations in Oregon. Plaintiffs alleged that Defendant employed hourly-paid Delivery Drivers who were required to use their personal vehicles to make deliveries on behalf of Defendant, and that Defendant reimbursed those Drivers at a flat rate of

Page 2 of 12
Seth Terry, et al. v. Jerry Don Hodges
U.S.D.C. (Dist. Or.) Case No. 6:22-cv-1668-AA
Memorandum in Support of Joint Motion for Approval of Collective Action Settlement
and to Dismiss with Prejudice

$1.00 per delivery—or $1.50 when a driver completed two orders simultaneously—rather than at a rate reasonably approximating the drivers' actual vehicle expenses.

Because the per-delivery reimbursement fell significantly below the applicable IRS standard mileage rate and failed to account for the full costs of operating a personal vehicle for work purposes, Plaintiffs alleged that the unreimbursed expenses caused the Delivery Drivers' effective hourly rates to fall below the applicable minimum wage in violation of the FLSA and Oregon law. Defendant denied liability and asserted various affirmative defenses to Plaintiffs' claims. Accordingly, a bona fide dispute existed between the Parties as to whether FLSA wages were owed and, if so, in what amount.

On January 9, 2024, the Court granted Plaintiff's Motion for Conditional Certification, conditionally certifying a collective of hourly-paid Delivery Drivers employed by Defendant during the relevant period and authorizing distribution of notice to potential collective members. (ECF No. 19). Following the close of the opt-in period, the Settlement Collective consisted of Named Plaintiff and 27 Opt-In Plaintiffs.

The Parties answered written discovery, including interrogatories and requests for production of documents. Defendant produced payroll records in response to Plaintiffs' requests. Using the information obtained through discovery, counsel for both Parties were able to more accurately evaluate Defendant's potential exposure to damages from Plaintiffs' claims. Counsel for the Parties then entered into arm's-length settlement negotiations, which ultimately resulted in the Agreement. The Parties now seek the Court's approval of their Agreement.

### III.  Legal Standard

Page 3 of 12
Seth Terry, et al. v. Jerry Don Hodges
U.S.D.C. (Dist. Or.) Case No. 6:22-cv-1668-AA
Memorandum in Support of Joint Motion for Approval of Collective Action Settlement
and to Dismiss with Prejudice

Unlike most private settlements in civil litigation, FLSA settlements require district court approval to ensure that they are enforceable and fair. *Juvera v. Salcido*, 2013 U.S. Dist. LEXIS 176716, at *9 (D. Ariz. Dec. 16, 2013); *see also Barrentine v. Ark.-Best Freight Sys., Inc.*, 450 U.S. 728, 740 (1981); *Beidleman v. City of Modesto*, No. 1:16-cv-01100-DAD-SKO, 2018 WL 1305713, at *1 (E.D. Cal. Mar. 13, 2018); *Yue Zhou v. Wang's Rest.*, No. 05-cv-0279 PVT, 2007 WL 2298046, at *1 n.1 (N.D. Cal. Aug. 8, 2007). Although the Ninth Circuit has not squarely addressed the standard for approval of FLSA settlements, district courts throughout the Ninth Circuit have followed the standards laid out in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). *Lockwood v. R&M Towing LLC*, 2020 U.S. Dist. LEXIS 175913, at *2 (D. Ariz. Sept. 24, 2020).

Specifically, when parties seek judicial approval of an FLSA settlement, approval is warranted if the settlement reflects a "reasonable compromise over issues." *Lopez v. Ariz. Pub. Serv. Co.*, 2010 U.S. Dist. LEXIS 34086, at *2 (D. Ariz. Jan. 27, 2010) (quoting *Lynn's*, 679 F.2d at 1354). To be approved, an FLSA settlement agreement must constitute a "fair and reasonable resolution of a bona fide dispute." *Quintana v. HealthPlanOne LLC*, No. CV-18-02169-PHX-RM, 2019 WL 3342339, at *1–2 (D. Ariz. July 25, 2019); *Quiroz v. City of Ceres*, No. 1:17-CV-00444-DAD-BAM, 2019 WL 1005071, at *2 (E.D. Cal. Mar. 1, 2019) (citing *Dunn v. Teacher's Ins. & Annuity Ass'n of Am.*, No. 13-CV-05456-HSG, 2016 WL 153266, at *3 (N.D. Cal. Jan. 13, 2016)); *see also Lynn's*, 679 F.2d at 1352–53.

To find a bona fide dispute, "[t]here must be 'some doubt . . . that the plaintiffs would succeed on the merits through litigation of their [FLSA] claims.'" *Quintana*, 2019 WL 3342339, at *1 (quoting *Selk v. Pioneers Mem'l Healthcare Dist.*, 159 F. Supp. 3d 1164, 1172 (S.D. Cal. 2016)). A court will not approve a settlement of an action in which there is certainty that the FLSA

**Page 4 of 12**
**Seth Terry, et al. v. Jerry Don Hodges**
**U.S.D.C. (Dist. Or.) Case No. 6:22-cv-1668-AA**
**Memorandum in Support of Joint Motion for Approval of Collective Action Settlement**
**and to Dismiss with Prejudice**

entitles plaintiffs to the compensation they seek, because doing so would shield employers from the full cost of complying with the statute. *Id.* Settlements that reflect a fair and reasonable compromise of issues actually in dispute may be approved to promote the policy of encouraging settlement of litigation. *Kerzich v. Cnty. of Tuolumne*, 335 F. Supp. 3d 1179, 1185 (E.D. Cal. 2018) (citing *McKeen-Chaplin v. Franklin Am. Mortg. Co.*, No. C 10-5243 SBA, 2012 WL 6629608, at *2 (N.D. Cal. Dec. 19, 2012)).

## IV.  The Agreement Reflects a Fair and Reasonable Compromise of a Bona Fide Dispute

The Parties have established the existence of a bona fide dispute. Named Plaintiff alleged that Defendant violated the FLSA and Oregon wage and hour law by failing to reimburse Delivery Drivers at a rate sufficient to cover their vehicle expenses, thereby causing their effective hourly rates to fall below the applicable minimum wage. Defendant denied liability and raised substantial legal and factual defenses to Plaintiffs' claims.

### A.  Legal Uncertainty Regarding the Damages Standard

Among the most significant legal challenges facing Plaintiffs was Defendant's argument that the legal framework underlying Plaintiffs' damages model had been substantially undermined by recent developments in administrative law. Courts have historically relied on guidance from the Department of Labor's Field Operations Handbook in applying the IRS standard mileage rate as a "reasonable approximation" of delivery driver vehicle expenses. Defendant challenged the continued validity of that approach following the Supreme Court's decision in *Loper-Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), which overruled the *Chevron* doctrine and held that courts need not defer to an agency's interpretation of the law simply because a statute is ambiguous. Defendant argued that post-*Loper-Bright*, the DOL Handbook is entitled to no

Page 5 of 12
**Seth Terry, et al. v. Jerry Don Hodges**
**U.S.D.C. (Dist. Or.) Case No. 6:22-cv-1668-AA**
**Memorandum in Support of Joint Motion for Approval of Collective Action Settlement**
**and to Dismiss with Prejudice**

interpretive deference, and that the premise underlying the IRS-rate methodology is therefore legally unsupported.

Defendant further pointed to *Parker v. Battle Creek Pizza, Inc.*, 95 F.4th 1009 (6th Cir. 2024), in which the Sixth Circuit—the only federal circuit to have addressed this precise issue—explicitly held that the DOL Handbook carries no interpretive weight, and that the IRS mileage rate accordingly cannot be treated as a per se reasonable approximation of delivery driver expenses. Although the Ninth Circuit has not yet definitively resolved this question, the uncertainty created by *Parker* and *Loper-Bright* presented a genuine risk that Plaintiffs' damages model could be substantially undermined at trial or on appeal.

### B.  Factual Defenses Regarding Damages Methodology and Collective Composition

Defendant also raised significant factual defenses particular to this case. First, Defendant challenged the uniform damages methodology applied by Plaintiffs' counsel, which was based on delivery-volume assumptions derived from interrogatory responses that pertained primarily to Defendant's highest-volume franchise location (the "Ocean" store). Because Defendant operated three franchise locations—Ocean, Johnson, and Florence—serving communities of materially different sizes, applying a single set of volume and distance assumptions across all collective members necessarily overstated the claimed damages for drivers who worked at lower-volume locations. By Defendant's estimate, the Johnson and Florence stores averaged closer to one to two deliveries per hour within approximately a two-mile radius, far fewer than the three-to-four deliveries per hour and 3.5-mile radius used in Plaintiffs' model. This discrepancy had a compounding effect across the damages calculation for a significant portion of the collective.

Page 6 of 12
Seth Terry, et al. v. Jerry Don Hodges
U.S.D.C. (Dist. Or.) Case No. 6:22-cv-1668-AA
Memorandum in Support of Joint Motion for Approval of Collective Action Settlement
and to Dismiss with Prejudice

Second, Defendant challenged the composition of the collective on individualized grounds, contending that some Opt-In Plaintiffs could not demonstrate that they personally incurred all of the vehicle expenses claimed. Several collective members—some of whom were minors during their employment—had at least some of their vehicle-related costs, including insurance and phone plans, paid by family members rather than from their own earnings. Minimum wage violations under the FLSA are assessed on a pay-period-by-pay-period basis by comparing the total compensation paid against the actual hours worked; accordingly, whether each individual plaintiff actually bore the claimed unreimbursed expenses was a material and individualized factual question that would have required substantial individualized inquiry.

Third, Defendant argued that certain members of the Settlement Collective who were paid at hourly rates above the applicable Oregon minimum wage may never have suffered a minimum wage violation even under Plaintiffs' own damages model, because the margin between their actual pay and the minimum wage would have absorbed all or a portion of the alleged unreimbursed vehicle expenses. Defendant identified at least one collective member who was paid as much as $25.00 per hour during portions of the relevant period, well in excess of the applicable minimum wage, such that unreimbursed expenses at the assumed levels would not have caused a minimum wage violation.

Fourth, Defendant contended that at least one member of the Settlement Collective was an exempt, salaried manager whose primary duties were supervisory and managerial in nature, and whose hours should not have been included in Plaintiffs' damages calculations. His inclusion inflated the total claimed damages figures.

Fifth, Defendant challenged Plaintiffs' damages methodology for failing to account for a volume bonus paid to drivers at Defendant's highest-volume location who completed more than

Page 7 of 12
**Seth Terry, et al. v. Jerry Don Hodges**
**U.S.D.C. (Dist. Or.) Case No. 6:22-cv-1668-AA**
**Memorandum in Support of Joint Motion for Approval of Collective Action Settlement**
**and to Dismiss with Prejudice**

twenty deliveries per shift, which would have reduced the alleged wage shortfall under Plaintiffs' own model.

Sixth, Defendant asserted good-faith arguments in support of decertification of the collective, contending that the degree of individualized inquiry required to evaluate each member's claims—including store location, vehicle ownership, personal expense contribution, hourly pay rate, and eligibility for exempt status—was fundamentally incompatible with collective action treatment.

### C.  The Settlement Amount Is Reasonable in Light of These Risks

Plaintiffs understood that success on the merits was not a certainty. Both Parties and their counsel evaluated the risks and uncertainties inherent in continued litigation—including the costs of further discovery, dispositive motion practice, potential decertification proceedings, trial, and potential appeal—and concluded that the Agreement is in their mutual interest. Although Defendant denies any liability, the Parties agree that the Agreement represents a fair, reasonable, and adequate resolution of the disputed claims.

Class Counsel conducted a thorough investigation and diligently prosecuted the claims of the Settlement Collective, and is of the opinion that the settlement is in the best interest of the Settlement Collective in light of all known facts and circumstances, including the risk of significant delay, the risk of limited or no recovery, and the defenses asserted by Defendant. Defendant and Defendant's Counsel likewise believe the settlement is reasonable and fair.

Under the terms of the Agreement, the Settlement Collective Members will receive a total of $41,984.47 in settlement payments—representing approximately 88% of the maximum potential recovery under Plaintiffs' damages model, including liquidated damages, even after

Page 8 of 12
Seth Terry, et al. v. Jerry Don Hodges
U.S.D.C. (Dist. Or.) Case No. 6:22-cv-1668-AA
Memorandum in Support of Joint Motion for Approval of Collective Action Settlement
and to Dismiss with Prejudice

attorneys' fees and costs are accounted for pursuant to Class Counsel's contingency agreement. This is a substantial recovery in light of the genuine legal and factual uncertainties described above.

Moreover, approval of the Agreement will promote the policy of encouraging settlement of litigation. *See Selk*, 159 F. Supp. 3d at 1175. Under the Agreement, only Named Plaintiff and the Opt-In Plaintiffs who timely joined this action will release their claims, and there is therefore no concern that the rights of individuals who did not participate in the settlement will be affected. *See Nen Thio v. Genji, LLC*, 14 F. Supp. 3d 1324, 1333 (N.D. Cal. 2014).

### V.  The Attorneys' Fee and Cost Award Is Reasonable

Where a proposed FLSA settlement includes the payment of attorneys' fees, the court must assess the reasonableness of the fee award. *Selk*, 159 F. Supp. 3d at 1180. The Court retains authority to determine what fees are reasonable. *Dunn*, 2016 WL 153266, at *9; *see also Avila v. Los Angeles Police Dep't*, 758 F.3d 1096, 1104–05 (9th Cir. 2014). To determine whether the negotiated amount of attorneys' fees is reasonable, courts examine whether "counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Fontes v. Drywood Plus, Inc.*, 2013 U.S. Dist. LEXIS 169720, at *18–19 (D. Ariz. Dec. 2, 2013) (quoting *Silva v. Miller*, 307 Fed. Appx. 349, 351 (11th Cir. Jan. 13, 2009)).

Class Counsel's fee is reasonable. Sanford Law Firm, PLLC has billed 129.4 hours to this matter, with attorneys' fees of $29,847.86 and a blended hourly rate of approximately $230.66 per hour. Litigation costs of $2,167.67 bring the total fee-and-cost payment to $32,015.53. The work performed by Class Counsel includes drafting and filing the Complaint and related pleadings, propounding and responding to written discovery, reviewing the payroll and other records

Page 9 of 12
**Seth Terry, et al. v. Jerry Don Hodges**
U.S.D.C. (Dist. Or.) Case No. 6:22-cv-1668-AA
**Memorandum in Support of Joint Motion for Approval of Collective Action Settlement
and to Dismiss with Prejudice**

produced by Defendant, successfully pursuing conditional certification of the collective action (ECF No. 19), managing the opt-in process for 27 additional plaintiffs, engaging in settlement negotiations with Defendant's counsel, and drafting and finalizing the Agreement and settlement documents.

The blended rate of approximately $230.66 per hour is reasonable and commensurate with the experience of counsel and the prevailing rates for FLSA practitioners in this district. There is no conflict of interest between Class Counsel and the Settlement Collective. The attorneys' fee is assessed under the terms of Class Counsel's contingency agreement and does not further reduce the settlement amounts paid directly to the collective members as reflected in Appendix A to the Agreement. The settlement amounts shown in Appendix A are the amounts that will be paid to each collective member—the fee and cost award is separate from and in addition to those amounts.

## VI. Conclusion

For the foregoing reasons, Named Plaintiff Seth Terry and Defendant Jerry Don Hodges respectfully request that the Court approve their executed Collective Action Settlement Agreement and Release, dismiss this lawsuit with prejudice, and retain jurisdiction over this matter to enforce the terms of the Agreement.

Page 10 of 12
Seth Terry, et al. v. Jerry Don Hodges
U.S.D.C. (Dist. Or.) Case No. 6:22-cv-1668-AA
Memorandum in Support of Joint Motion for Approval of Collective Action Settlement
and to Dismiss with Prejudice

Respectfully submitted,

**SETH TERRY, Individually
and on Behalf of All Others
Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Sean Short*
Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

*LEAD COUNSEL FOR PLAINTIFF*

CRISPIN MARTON CAMBRELENG
1834 Southwest 58th Avenue, Suite 200
Portland, Oregon 97221
Telephone: (503) 293-5770
Facsimile: (503) 293-5766

Rebecca Cambreleng
OSB No. 133209
rebecca@workplacelawpdx.com

*LOCAL COUNSEL FOR PLAINTIFFS*

and    **DEFENDANT JERRY DON HODGES, an
individual**

BARRAN LIEBMAN LLP
601 SW Second Avenue, Suite 2300
Portland, Oregon 97204
Telephone: (503) 228-0500
Facsimile: (503) 274-1212

*/s/ Sean P. Ray (w/permission)*
Sean P. Ray
OSB No. 075040
sray@barran.com

**Page 11 of 12
Seth Terry, et al. v. Jerry Don Hodges
U.S.D.C. (Dist. Or.) Case No. 6:22-cv-1668-AA
Memorandum in Support of Joint Motion for Approval of Collective Action Settlement
and to Dismiss with Prejudice**

Ashley T. Korkeakoski-Sears
OSB No. 224354
asears@barran.com

Page 12 of 12
**Seth Terry, et al. v. Jerry Don Hodges**
**U.S.D.C. (Dist. Or.) Case No. 6:22-cv-1668-AA**
**Memorandum in Support of Joint Motion for Approval of Collective Action Settlement**
**and to Dismiss with Prejudice**