IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION


SETH TERRY, individually
and on behalf of similarly
situated persons,

      Plaintiff,

  v.

JERRY DON HODGES,

      Defendant.

Civ. No. 6:22-cv-01668-AA

**OPINION & ORDER**


AIKEN, District Judge.

This case comes before the Court on the parties' Joint Motion for Settlement Approval and to Dismiss with Prejudice. ECF No. 61. For the reasons set forth below, the motion is GRANTED.

"The FLSA's purpose is to protect workers from substandard wages and oppressive working hours." *Gongora v. SB Nw. Investments, LLC*, Case No. 3:23-cv-00097-YY, 2025 WL 3170998, at *1 (D. Or. Nov. 13, 2025) (internal quotation marks and citation omitted). "An employee who brings a private action for back wages under the FLSA may present to the district court a proposed settlement and the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* (internal quotation marks and citation omitted, alterations normalized, citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-54 (11th Cir. 1982));

*see also Molengraaf v. Vestas-American Wind Tech. Inc.*, Case No. 3:22-cv-01825-AN, 2024 WL 621289, at *1 (D. Or. Feb. 13, 2024) ("Generally, FLSA rights cannot be waived, and settlement of private actions for back wages pursuant to 29 U.S.C. § 201 must be approved by the district court.").

"The Ninth Circuit has not established criteria for district courts to consider in determining whether an FLSA settlement should be approved." *Monlengraaf*, 2024 WL 621289, at *1 (citing *Dunn v. Tchrs. Ins. & Annuity Ass'n of Am.*, No. 13-cv-05456-HSG, 2016 WL 153266, at *3 (N.D. Cal. Jan. 13, 2016). District courts in this circuit have frequently applied a widely used standard adopted by the Eleventh Circuit, which looks to whether the settlement is a fair and reasonable resolution of a bona fide dispute. *See Lynn's Food Stores*, 679 F.2d at 1352-54; *Molengraaf*, 2024 WL 621289, at *1 (applying the *Lynn's Food Stores* standard and collecting cases); *Gongora*, 2025 WL 3170998, at *1 (same). "If a settlement in an employee FLSA suit . . . reflect[s] a reasonable compromise over issues, such as FLSA coverage of computation of back wages, that are actually in dispute[,]" the district court is permitted to approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Lynn's Food Stores*, 679 F.2d at 1354.

Here, the Court has considered the FLSA claims at issue and the allegations, which were discussed at length in the Court's Opinion & Order on certification. ECF No. 30. Upon review of the proposed settlement agreement, and in light of the facts and circumstances contained in the record, the Court determines that a bona fide dispute exists and that the settlement terms are a fair, adequate, and reasonable

compromise of Plaintiffs' FLSA claims.  *See, e.g., Officers for Justice v. Civil Service Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982) (proposed settlement to be evaluated by the "universally applied standard" of whether it is "fundamentally fair, adequate and reasonable.").  There is no indication that the settlement agreement is the product of fraud or overreaching by, or collusion between, the negotiating parties.  The amount to be paid to Plaintiffs to resolve their claims is a fair and reasonable amount considering the allegations in the Complaint and the nature of the dispute.  The Court also concludes that the attorney fees contemplated by the settlement agreement are reasonable and adequately compensate Plaintiffs' counsel for the work performed.

Accordingly, the parties' joint Motion for Approval of Collective Action Settlement and to Dismiss with Prejudice, ECF No. 61, is GRANTED.  Consistent with the settlement agreement, this case is DISMISSED with prejudice.  The Court shall retain jurisdiction in this matter throughout the settlement administration period.  Final judgment shall be entered accordingly.

It is so ORDERED and DATED this ____14th____ day of July 2026.

/s/Ann Aiken
ANN AIKEN
United States District Judge